**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **ANITA I. KISHNA**, | Case No. 3:22-cv-0199-AC |
| Plaintiff, | **ORDER TO AMEND** |
| v. | |
| (NONE LISTED) | |
| Defendant. | |

**ACOSTA, Magistrate Judge.**

Plaintiff Anita I. Kishna ("Plaintiff"), representing herself, filed a complaint on February 7, 2022. The complaint does not name any defendants nor specific the basis for jurisdiction. (Compl., ECF No. 2). Plaintiff also filed an application to proceed *in forma pauperis* (ECF No. 1) and a motion for appointment of counsel (ECF No. 3); both are pending. As explained below, Plaintiff's complaint is deficient in several respects and she must amend for this action to proceed

PAGE 1 – ORDER TO AMEND

**STANDARDS**

When a complaint is filed by a plaintiff proceeding *in forma pauperis*, Congress has directed that "the court shall dismiss the case at any time if the Court determines that" the action is: (1) "frivolous or malicious"; (2) "fails to state a claim on which relief may be granted"; or (3) "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  Courts perform a preliminary screening to determine whether complaints brought by self-represented litigants and litigants proceeding *in forma pauperis* raise cognizable claims.  *See, e.g., O'Neal v. Price*, 531 F.3d 1146, 1151 (9th Cir. 2008) ("After a prisoner applies for in forma pauperis status and lodges a complaint with the district court, the district court screens the complaint and determines whether it contains cognizable claims.  If not, the district court must dismiss the complaint."); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (noting that "section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners").

**DISCUSSION**

Plaintiff brings this action but names no defendant and specifies no basis for the court's jurisdiction.  Additionally, the complaint is largely unintelligible.  In trying to decipher the complaint, it appears Plaintiff alleges she experienced "harassment" at various locations in Portland-Metro area.  (*See, generally* Compl.).  Plaintiff, however, does not allege facts specifying the source or nature of this harassment in detail.  (*Id.*).  If Plaintiff alleges additional claims, they are similarly incoherent and devoid of any factual enhancement.

Federal Rule of Civil Procedure ("Rule") 8 requires that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and instructs that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), 8(d)(1).  A "claim" is "the aggregate of operative facts which give rise to a right enforceable in the courts." *Bautista v. Los*

*Angeles Cty.*, 216 F.3d 837, 840 (9th Cir. 2000) (internal quotations omitted).  Compliance with Rule 8 therefore requires a plaintiff to plead a short and plain statement "identifying the transaction[s] or occurrence[s] giving rise to the claims and the elements of a prima facie case" for each claim alleged.  *Id.*  Though detailed factual allegations are not required, a plaintiff must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  Indeed, a pleading "that offers 'labels and conclusions,'" "a formulaic recitation of the elements," or "'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 557).

Plaintiff's complaint falls far short of asserting a short and plain statement showing that she is entitled to relief.  Indeed, the complaint cannot be served as written.  In some places, the complaint is illegible.  In others, it includes no operative facts or identifying details in support of Plaintiff's claims, such as who did what and to whom, or how such conduct constituted harassment. Even liberally construed, the Court cannot determine what claim Plaintiff intends to assert, much less the intended target of those claims.  Plaintiff thus fails to provide any defendants notice of the claims against them as required by Rule 8, and it would be impossible for anyone to draft an answer to the complaint in its current form. *See McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (noting that Rule 8 requires "sufficient allegations to put defendants fairly on notice of the claims against them").  Accordingly, Plaintiff's complaint violates Rule 8 and must be amended.

///

///

///

///

///

PAGE 3 – ORDER TO AMEND

**CONCLUSION**

Based on the foregoing, Plaintiff is Ordered to file an AMENDED COMPLAINT within 30 days of the date of this ORDER.  Plaintiff is advised that failure to file an Amended Complaint within 30 days may result in dismissal of this action without prejudice.

Plaintiff is advised that the amended complaint will serve as a complete substitute for the original, and not as a supplement.  *See Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (explaining that "[a]s a general rule, when a plaintiff files an amended complaint, '[t]he amended complaint super[s]edes the original, the latter being treated thereafter as non-existent'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).  Plaintiff should also take care to ensure the amended complaint is readable, names a defendant or defendants, specifies the basis for jurisdiction, and captions and numbers her claims clearly.

IT IS SO ORDERED.

DATED this 9th day of February 2022.

_____

JOHN V. ACOSTA
United States Magistrate Judge